444 So.2d 835 (1984)
In re INQUIRY CONCERNING A JUDGE, JACK H. ODOM, 81-095.
No. 55201.
Supreme Court of Mississippi.
January 18, 1984.
Doyle L. Coats, Hopkins, Logan, Vaughn & Anderson, Gulfport, for Miss. Commission on Judicial Performance.
Stone D. Barefield, Hattiesburg, for Jack H. Odom.

ORDER
The joint motion of the Mississippi Commission on Judicial Performance and the respondent, Justice Court Judge Jack H. *836 Odom, to accept the findings of fact and recommendations for discipline made by the Commission has been examined by a panel of the Court composed of Presiding Justice Vernon H. Broom, and Justices Armis E. Hawkins and Dan M. Lee and found to be in order, the Commission's findings of fact and recommendation should be accepted by the Court in the form and manner set forth therein, a copy of which is attached hereto.
It is, therefore, ordered that the Joint Motion for Approval of Recommendation filed by the Mississippi Commission on Judicial Performance is accepted by the Court, the Commission findings of fact is accepted by the Court, and the respondent judge, Jack H. Odom is fined the sum of $250.00 for which a judgment is hereby rendered upon which execution may issue if not paid in full within 30 days of the date of this order. It is further ordered that this order with the findings of fact and recommendation attached thereto shall be published in the Southern Reporter, Mississippi Cases as an official and permanent reprimand.

COMMISSION FINDINGS OF FACT AND RECOMMENDATION

INITIATION OF PROCEEDINGS
The formal complaint against the Respondent was filed with the Commission on March 9, 1983. It was personally served upon the Respondent on March 9, 1983. The Respondent's answer was filed with the Commission on May 13, 1983.

HEARING
On September 7, 1983, a formal hearing was held in accordance with the Rules of the Mississippi Commission on Judicial Performance in Inquiry Concerning a Judge No. 81-095. The hearing was before a committee of the Commission, as provided by Rule 8C, consisting of Judge Harvey S. Buck, Presiding Judge; Judge Kenneth B. Robertson, Commission Chairman; and Mrs. Elizabeth Powers. The Commission's Executive Director, the Honorable Luther T. Brantley, III, served as clerk. The Commission was represented by the Honorable Doyle Coats of Gulfport. The Respondent Judge, Jack H. Odom, Justice Court Judge, District 3, Forrest County, was represented by the Honorable Stone D. Barefield of Hattiesburg.

FINDINGS
The evidence adduced at the formal hearing having been considered, including the depositions of the Respondent, Judge Jack H. Odom; Honorable Donald Rogers; Honorable Web Heidelberg; Constable Jimmy Palmer; and the original complainant, Jimmy Clark Meeler, and the recommended sanctions agreed upon by counsel for the Commission and counsel for the Respondent, the Commission has found the following by clear and convincing evidence:

1.
Throughout the calendar years 1980 and 1981 and in January of 1982, the Respondent engaged in the collection of "bad checks", i.e., checks which had been tendered to local merchants but which had been returned to those merchants by the payee bank because payment had been refused. These "bad checks" were given to Respondent for collection by various local merchants. The merchants would attach the check to a blank criminal affidavit and would sign the affidavit. Thereafter, the Respondent would notify his constable, Jim Palmer, that he had a bad check from the person who had passed the check. No court costs were prepaid and no docket entry was made by the Respondent at the time of receipt of the check. The makers of the "bad checks" were usually given an opportunity to contact the Judge and pay off the check plus "court costs". At the time the Respondent received the amount of the check and "court costs", he did not give a civil receipt but returned the "bad check". At no time was the case ever docketed or any record made by Respondent of a civil suit.

2.
The Respondent's civil dockets are not properly maintained and contain many *837 omissions such as dates affidavits are filed, information on judgments, pages not signed by the Judge, and incomplete information on return of process.

3.
That in a number of cases, the Respondent collected "bad checks" without the use of any affidavit, civil or criminal, or any process, summons or warrant being served.

4.
That in the case of State of Mississippi versus Jimmy Clark Meeler, Sr., the Respondent never made any entry whatsoever on his civil or criminal docket books and had no evidence of a criminal or civil case ever having existed at the time he collected the sum of the check involved, plus "court costs" from Meeler. When confronted with their absence by Meeler's attorney, Respondent made said entry in his criminal docket book and collected the sum of $10.00, as court costs, from Forrest County.

5.
That Respondent's action in conjunction with the check collection service, more fully described in Paragraph 1 hereinabove, generally constitutes willful misuse of judicial proceedings for personal gain under color of his office as a justice court judge.

6.
By engaging in the aforementioned conduct while holding the office of justice court judge, the Respondent violated Canons 1, 2 and 3B of the Code of Judicial Conduct, adopted by the Conference of Mississippi Judges on October 25, 1974. Canon 1 contains the following language, to-wit:
"An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective."
Canon 2, Paragraph A of said Code contains the following language, to-wit:
"A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."
Furthermore, the Respondent has violated Canon 3B of said Code which contains the following language, to-wit:
"B. Administrative Responsibilities
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.
(2) A judge should require his staff and court officials subject to his direction and control to observe the standards of fidelity and diligence that apply to him."

7.
In utilizing the criminal process or the threat of criminal process to collect civil debts, in failing to properly docket and process the "bad check" cases on his criminal or civil docket, by failing to collect the civil court costs deposit in advance from the merchants, by failing to keep the records required of his office and by collecting court costs from the county in cases which were never docketed, the Respondent has violated the Canons of the Code of Judicial Conduct. Said conduct further represents willful misconduct in office, willful and persistent failure to perform his duties, and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, all in violation of Section 177A of the Mississippi Constitution of 1890, as amended.

8.
In mitigation the Commission finds that Respondent has cooperated with the Commission throughout the investigation and hearing process, that Respondent has admitted his mistakes and Respondent has shown a desire to conduct his office properly. *838 Respondent further admits error in collecting the $10.00 costs from Forrest County in the Meeler case, having previously collected costs from Meeler, and he stands ready and willing to repay said $10.00 at the conclusion of these proceedings. The Commission further finds that the facts of this complaint have been made public through a civil action styled Jimmy Clark Meeler versus Jitney Jungle, which was tried to conclusion in the Forrest County Circuit Court prior to any complaint being filed with this Commission.

RECOMMENDATION
The foregoing constitutes the Commission's findings by clear and convincing evidence that the conduct of Jack H. Odom constitutes willful misconduct in office, willful and persistent failure to perform the duties of his office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in Section 177A of the Mississippi Constitution of 1890, as amended. The Commission recommends that the Mississippi Supreme Court accept the recommended sanctions agreed upon by counsel for the Commission and counsel for the Respondent that Respondent, Jack H. Odom be publicly reprimanded and fined $250, as provided by Section 177A of the Mississippi Constitution.
 Respectfully submitted,
 MISSISSIPPI COMMISSION ON
 JUDICIAL PERFORMANCE
 /s/ Kenneth S. Robertson
 KENNETH B. ROBERTSON
 CHAIRMAN
DATE: November 11, 1983