PITTMAN, Justice,
for the Court:

STATEMENT OF THE CASE

On May 24, 1993, the Mississippi Commission on Judicial Performance [hereinafter Commission] filed a formal complaint charging Boyd P. Atkinson, a Municipal Court Judge, with judicial misconduct in violation of Section 177A of the Mississippi Constitution of 1890 (as amended). Atkinson filed his answer on June 4, 1993.
On July 29, 1993, the Commission filed an agreed statement of facts, entered by and between the Commission and Atkinson.
A hearing was held on August 3, 1993. The Commission thereafter found by clear and convincing evidence that Atkinson’s conduct violated Canons 1, 2A, 2B, 3A(1) and 5C(1) of the Code of Judicial Conduct. The Commission further found by clear and convincing evidence that Atkinson’s conduct constituted willful misconduct in office, prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in Section 177A of the Mississippi Constitution of 1890 (as amended).
The Commission recommends to this Court that Atkinson be publicly reprimanded pursuant to Section 177A of the Mississippi Constitution and that he also be assessed the costs of this appeal proceeding. The Commission submits the following two recommendations:

I. THE RESPONDENT’S CONDUCT CONSTITUTES WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION OF 1890, AS AMENDED.

II. THE RESPONDENT SHOULD BE PUBLICLY REPRIMANDED PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION OF 1890, AS AMENDED.

Atkinson opposes both recommendations of the Commission and has filed his brief with this Court.

STATEMENT OF THE FACTS

Atkinson, for the last eight years, has served part-time/pro tem as a municipal court judge in Cleveland, Mississippi. Atkinson has also engaged in the private practice *1333 of law in Cleveland, Mississippi for some 21 years.[1] In addition, Atkinson has been involved in the Bolivar County Public Defender system for eighteen and a half years.
On December 22, 1992, Atkinson in his capacity as municipal court judge, held a preliminary hearing on a felony armed robbery charge against Leonard Gibbs. Atkinson ordered that Gibbs be bound over to the grand jury and set bail at $50,000.00. Thereafter, Gibbs’ appointed attorney, Raymond Wong, one of the three Public Defenders in Bolivar County, requested that the bond be set at $40,000.00, to which W.B. Alexander, III, the prosecuting attorney agreed. Atkinson accepted this agreement and re-set bond at $40,000.00.
Subsequently, Deborah F. Davis acting on behalf of Gibbs, approached Clarence Green of Rhodes Bonding Company to get Gibbs’ bond further reduced. Davis thereafter employed Atkinson to accomplish this purpose. Atkinson, in his capacity as a practicing attorney, filed a petition for bond reduction, in the case of State of Mississippi v. Gibbs, Cause No. 7707 in the Circuit Court of the Second District of Bolivar County. At the hearing held on December 30,1992, Atkinson appeared and represented Gibbs by arguing the petition and attempted to have the bail, which he, acting as a judge, had earlier set, reduced. Judge John L. Hatcher denied the petition.
Thereafter, Deborah F. Davis filed a complaint with the Commission, which in turn, conducted a hearing, issued an opinion and initiated the matter presently before this Court.

LAW

Atkinson is charged with violation of Article 6, § 177A, Mississippi Constitution (1890), which states, in part:
On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: ... (b) willful misconduct in office; .. (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute ...
In addition to violation of Art. 6 § 177A, Judge Atkinson is charged with violation of Canons 1, 2A, 2B, 3A(1), and 5C(1). Those Canons read:
CANON 1

A Judge Should Uphold the Integrity and Independence of the Judiciary

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
CANON 2

A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities

A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
Commentary
Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. He must expect to be the subject of constant public scrutiny. He must therefore accept restrictions on his conduct that might be viewed as burdensome by the *1334 ordinary citizen and should do so freely and willingly.
CANON 3

A Judge Should Perform the Duties of His Office Impartially and Diligently

The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:

A. Adjudicative Responsibilities.

(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
Commentary
The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Courts can be efficient and business-like while being patient and deliberate.
CANON 5C(1)

A Judge Should Regulate His Extrajudicial Activities to Minimize the Risk of Conflict With His Judicial Office

A. Financial Activities

(1) A judge should refrain from financial and business dealings that tend to reflect adversely on his impartiality, interfere with the proper performance of his judicial duties, exploit his judicial position, or involve him in frequent transactions with lawyers or persons likely to come before the court on which he serves.

Standard of Review

This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Judicial Performance Commission. Mississippi Judicial Performance Commission v. Peyton, 555 So.2d 1036 (Miss.1990); In re Collins, 524 So.2d 553 (Miss.1987); In re Inquiry Concerning Garner, 466 So.2d 884 (Miss.1985); In re Brown, 458 So.2d 681 (Miss.1984). However, this Court is not bound by the recommendations of the Commission and may impose additional sanction. Mississippi Judicial Performance Commission v. Peyton, 555 So.2d 1036 (Miss.1990); In re Collins, 524 So.2d 553 (Miss.1987).
At the hearing held August 3, 1993, the Commission presented and relied primarily on the agreed statement of facts. The Commission did offer State Bar Opinion 133 issued in 1987 and Rule 1.12(a) of the Mississippi Rules of Professional Conduct as support for the allegations of judicial misconduct. Opinion 133 states that it would be a conflict of interest for a municipal judge to represent someone later as a lawyer in the event he has presided over a case involving that same person in municipal court. Rule 1.12(a) states that a lawyer should not represent someone whom he has presided over or dealt with in a judicial capacity.
Atkinson, in addressing the tribunal, argued that Rule 1.12(a) discusses the circumstances in which a lawyer participated “personally” and “substantially” as a judge and that his conduct did not amount to “substantial” participation as the $40,000 bond was agreed upon by the city attorney and Gibbs’ appointed attorney. However, the Commission, in turn, argued that Atkinson’s official action in his capacity as a judge was required before the bond could be reduced.
Atkinson also stated that he never further represented Gibbs, that his only involvement in the matter was representing Gibbs on the bond reduction petition. He also pointed to the unique situation of Bolivar county whereby he served part time as a judge and often as a public defender. Atkinson stated that “I had to constantly be on guard to make sure I didn’t sign somebody’s arrest warrant or sign a search warrant and then be sitting there in court or be looking through this man’s papers or looking through the validity of the search warrant and then realize that I signed it.” In addition, Atkinson assured the tribunal that before he undertook the representation of Gibbs, he reflected on his actions and he did not intentionally become involved in a conflicting situation.
*1335 In its opinion, the Commission found that “[a] judge who establishes a bond for a criminal defendant has acted in a substantial way in the judicial process.” The Commission determined Atkinson’s actions to be in violation of § 177A. On appeal, the Commission relies on In re [Lloyd] Anderson, 412 So.2d 743 (Miss.1982), wherein this Court adopted the definitions of “willful misconduct and conduct prejudicial to the administration of justice which bring the judicial office into disrepute” promulgated by the North Carolina Supreme Court in the ease of In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977):
Willful misconduct in office is the improper or wrongful use of the power of his office by a judge acting intentionally, or with gross unconcern for his conduct, and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercises of his authority constitutes bad faith....
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that bñngs the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute, [emphasis theirs].
In re [Lloyd] Anderson, 412 So.2d at 745; see also In re Quick, 553 So.2d 522 (Miss. 1989); Miss. Jud. Performance Com’n v. Coleman, 553 So.2d 513 (Miss.1989); In re Collins, 524 So.2d 553 (Miss.1987); In Re Stewart, 490 So.2d 882 (Miss.1986); In re Inquiry Concerning Garner, 466 So.2d 884 (Miss.1985); In re [William] Anderson, 451 So.2d 232 (Miss.1984). “[T]his Court can generally recognize examples of such conduct when presented before the Court.” In re Quick, 553 So.2d 522, 525 (Miss.1989).
This Court, in interpreting § 177A(e) has stated that:
[A] judge may also, through negligence or ignorance, not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
In re (Lloyd) Anderson, 412 So.2d 743 (Miss. 1982), as cited in In re (William) Anderson, 451 So.2d 232, 234 (Miss.1984).
This Court addressed, at length, what actions constituted “conduct prejudicial to the administration of justice which brings the judicial office into disrepute” in the case of In re Inquiry Concerning Baker, 535 So.2d 47 (Miss.1988):
There is no simple, black-letter definition of conduct prejudicial to the administration of justice which brings the judicial office into disrepute. The Maryland Supreme Court, in In re Diener and Broccolino, 268 Md. 659, 304 A.2d 587 (1973), cert. denied, 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974) said:
Precisely what “conduct prejudicial to the proper administration of justice” is or may be, in any or all circumstances, we shall not undertake to say. Indeed, a comprehensive, universally applicable definition may never evolve but it is unlikely we shall ever have much trouble recognizing and identifying such conduct whenever the constituent facts are presented. 304 A.2d at 594.
Baker, 535 So.2d at 50.
The Nebraska Supreme Court, in defining language identical to that of § 177A, went into more depth and detail in the case of In re Kneifl, 217 Neb. 472, 351 N.W.2d 693 (1984):
Conduct which falls short of reaffirming one’s fitness for the high responsibilities of judicial office constitutes conduct prejudicial to the administration of justice that brings the judicial office into disrepute, [citation omitted] It includes conduct which would justify a reasonable man in believing that a result achieved by a judge *1336 was achieved because of his position and prestige, [citation omitted] q/nd conduct which ivould appear to an objective observer to be not only unjudicial but prejudicial to public esteem for the judicial office. [citation omitted] It depends not so much on the judge’s motives but more on the conduct itself, the residts thereof, and the impact such conduct might reasonably have upon knowledgeable observers, [citation omitted] The “judicial office” refers not to the judge as an individual but, rather, to the judiciary, [citation omitted] Conduct prejudicial to the administration of justice that brings the judicial office into disrepute is less grave than willful misconduct in office, [citations omitted].
In re Kneifl, 351 N.W.2d at 695-96.
As stated earlier, this Court gives great deference to the recommendations of the Commission, but is not bound thereby. Miss. Jud. Performance Com’n v. Peyton, 555 So.2d 1036 (Miss.1990); In re Collins, 524 So.2d 553 (Miss.1987); In re Inquiry Concerning Garner, 466 So.2d 884, 885 (Miss.1985); In re [William] Anderson, 451 So.2d 232, 234 (Miss.1984); In re [Lloyd] Anderson, 412 So.2d 743, 746 (Miss.1982). The sanctions available to this Court are: (1) removal from office; (2) suspension from office; (3) fine; and (4) public censure or reprimand. Art. 6 § 177A, Miss. Const. (1890). The sanction imposed should be consistent with other like cases and “ought fit the offense.” In re Bailey, 541 So.2d 1036, 1039 (Miss.1989).
This Court finds it inconceivable that Atkinson concluded after thoughtful inquiry that his subsequent actions would not conflict with his actions taken earlier as a city judge. The record clearly indicates that Atkinson assumed the role of attorney and presumably accepted a fee for representing Gibbs. Atkinson was employed to attempt to reduce the same bond, which Atkinson, as city judge had earlier set. This is a direct conflict and his actions are immitigable—each to the other.
The Commission recommends that Atkinson receive a public reprimand. This Court addressed the issue of when a public reprimand is warranted in In re Inquiry Concerning Baker, 535 So.2d 47 (Miss.1988):
A survey of recent Mississippi judicial disciplinary cases ... reveals that the sanction of public reprimand is imposed for more than one offense. Only one case, In re William Anderson, involved a public reprimand for only one type of offense. Even in this ease, Judge Anderson failed on three occasions to issue writs of garnishment after receiving filing fees to do so.
We find no case in which one isolated instance of impropriety warranted public censure.
Baker, 535 So.2d at 53.
Baker involved a recommendation of public reprimand because the judge had telephoned a litigant in a pending action to ask for political support. This Court declined to issue a public reprimand, finding a private reprimand was the appropriate sanction under the facts as presented and “the isolated nature of the offense” in light of the mitigating factors. Id. at 54.
In determining whether a reprimand should be public, this Court considers mitigating factors which weigh in favor of confidential, private action. Those factors, taken from In re Inquiry Concerning Baker, 535 So.2d 47, 54 (Miss.1988), along with the evidence from the matter sub judice, are:

(1) The length and character of the judge’s public service.

The record indicates that Judge Atkinson has served as a Municipal Court Judge for eight years.

(2) Positive contributions made by the judge to the courts and the community.

The record contains no information on this factor, other than Atkinson has served within the Bolivar Public Defender system for some 18½ years.

(S)The lack of prior judicial precedent on the incident in issue.

As previously indicated, the cases of In re Bailey, 541 So.2d 1036 (Miss.1989) and Mississippi Judicial Performance Comm’n v. Walker, 565 So.2d 1117 (Miss. 1990), weigh in favor of public reprimand.
*1337 (4) Commitment to fairness and innovative procedural form on the part of the judge. The record contains no information on this factor.

(5) The magnitude of the offense.

In choosing his course of action, Atkinson failed to recognize: 1) the conflict of interest between serving as a judge and as a defense attorney; 2) the appearance of impropriety of officially setting a bond as a city judge and then representing a defendant on a petition to reduce that same bond as an employed attorney. Atkinson also failed to uphold the integrity and independence of the judiciary; failed to perform his judicial duties impartially and failed to regulate his extra-judicial activities to minimize the risk of conflict with his judicial activities.
These actions weigh heavily in favor of public reprimand.

(6) The number of persons affected.

The Commission did not offer an exact number but stated that three parties were at least directly involved: the defense attorney, the prosecuting attorney, and Gibbs, the defendant.
(7) Whether “moral turpitude" was involved. Moral turpitude was not involved in the case before this Court.

CONCLUSION

After due consideration of the above factors, we find that the Commission’s determinations and findings are well supported and the sanction of public reprimand is the appropriate disciplinary procedure for the present matter. Therefore, we affirm and adopt both recommendations proposed by the Commission.
AFFIRMED AND MUNICIPAL COURT JUDGE BOYD P. ATKINSON IS HEREBY PUBLICLY REPRIMANDED. BOYD IS TAXED WITH ALL COSTS OF THIS APPEAL.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
DAN M. LEE, P.J., dissents with separate written opinion.

. The majority of Atkinson's private practice consists of criminal defense work.