993 So.2d 816 (2008)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Edwin L. PITTMAN, Jr.
No. 2008-JP-00125-SCT.
Supreme Court of Mississippi.
October 2, 2008.
*817 Luther T. Brantley, III, attorney for appellant.
Jerry L. Mills, Ridgeland, attorney for appellee.
EN BANC.
WALLER, Presiding Justice, for the Court.
¶ 1. The Mississippi Commission on Judicial Performance has recommended that Edwin L. Pittman, Jr., municipal court judge for Hattiesburg, Mississippi, be publicly reprimanded and assessed the costs of this proceeding in the amount of $100, for representing a defendant after Pittman had presided over proceedings concerning this same defendant, on the same criminal charges. We adopt the recommendation of the Commission.

FACTS
¶ 2. Edwin L. Pittman, Jr., served as municipal court judge in Hattiesburg, Mississippi. On or about July 12, 2006, Pittman, acting in his official capacity, signed a warrant for the arrest of Arturo Euriquez Moreno, a/k/a Alejandro Aquirre Moreno, for the charge of DUI manslaughter and two counts of DUI mayhem. Pittman later signed additional court documents in the matter, including an order setting bond for Moreno in the amount of $150,000.
¶ 3. After acting in his judicial capacity in the case against Moreno, Pittman accepted $4,000 from Moreno's family as a retainer to represent Moreno in these same criminal charges. Pittman appeared in circuit court on Moreno's behalf on several occasions.
¶ 4. On November 8, 2006, the Commission filed a Formal Complaint charging Pittman with judicial misconduct which is actionable pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. On January 22, 2007, Pittman filed a response to the formal complaint.
*818 ¶ 5. The Commission and Pittman filed an Agreed Statement of Facts and Proposed Recommendation, in lieu of a hearing, on January 17, 2008. The Commission found that Pittman's conduct violated Canons 1, 2A, 2B, 3A, 3B(1), 3B(2), and 4D(1) of the Code of Judicial Conduct of Mississippi Judges, thus causing Pittman's conduct to be actionable pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. The Commission recommended that Pittman be publicly reprimanded and assessed the costs of this proceeding, in the amount of $100.
¶ 6. Subsequently, Pittman's counsel filed a letter stating that Pittman had resigned his office as municipal court judge, effective April 1, 2008.
¶ 7. Pursuant to Rule 10E of the Rules of the Mississippi Commission on Judicial Performance, this Court accepts the findings and recommendations of the Commission.

STANDARD OF REVIEW
¶ 8. In judicial misconduct proceedings, this Court sits as the trier of fact, and has the sole power to impose sanctions. In re Quick, 553 So.2d 522, 527 (Miss.1989) (citing In re Garner, 466 So.2d 884, 885 (Miss.1985)). While this Court is obligated to conduct an independent inquiry, we nonetheless give great weight to the Commission's findings. In re Quick, 553 So.2d at 527 (citing In re Garner, 466 So.2d at 885).

DISCUSSION

I. Whether Pittman's actions constitute misconduct in his judicial office.
¶ 9. A judge engages in willful misconduct in office by intentionally, or with gross unconcern, misusing the power of his or her office. In re Quick, 553 So.2d at 524 (quoting In re Anderson, 412 So.2d 743, 745 (Miss.1982)); see also In re Garner, 466 So.2d 884, 885 (Miss.1985); In re Stewart, 490 So.2d 882, 884 (Miss.1986); In re Collins, 524 So.2d 553 (Miss.1987). The conduct must involve more than a mere error of judgment or lack of diligence. In re Quick, 553 So.2d at 524 (quoting In re Anderson, 412 So.2d at 745). Bad faith generally is required, and is present where there is "[a] specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority...." In re Quick, 553 So.2d at 524 (quoting In re Anderson, 412 So.2d at 745).
¶ 10. Conduct that falls short of bad faith may still be conduct prejudicial to the administration of justice that brings the judicial office into disrepute. In re Quick, 553 So.2d at 524 (quoting In re Anderson, 412 So.2d at 745). Willful misconduct, on the other hand, always entails behavior that is prejudicial to the administration of justice which brings the judicial office into disrepute. In re Quick, 553 So.2d at 524 (quoting In re Anderson, 412 So.2d at 745).
¶ 11. In his official capacity, Pittman executed an arrest warrant and other documents related to the criminal charges against Moreno, including an order setting bond. Thereafter, Pittman served as counsel for Moreno on these same charges in the circuit court. By doing so, Pittman violated Canons 1, 2A, 2B, 3A, 3B(1), 3B(2), and 4D(1) of the Code of Judicial Conduct of Mississippi Judges.
¶ 12. We find that Pittman's conduct constituted willful misconduct and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.

*819 II. Whether Pittman should be publicly reprimanded and assessed costs in the amount of $100.
¶ 13. In accordance with Section 177A of the Mississippi Constitution of 1890, as amended, and Rule 10 of the Rules of the Mississippi Commission on Judicial Performance, the Commission recommends disciplinary sanctions, and this Court, upon a review of the record, determines the appropriate sanction. Miss. Comm'n on Judicial Performance v. Fletcher, 686 So.2d 1075, 1078 (Miss.1996). For this case, the Commission has recommended a public reprimand and assessment of costs.
¶ 14. Section 177A of the Mississippi Constitution of 1890, as amended, provides that upon recommendation of the Commission, a judge may be removed, suspended, fined, publicly censured, or publicly reprimanded by the Supreme Court. Miss. Const. § 177A. Furthermore, this Court consistently has assessed costs of the proceeding. E.g., Miss. Comm'n on Judicial Performance v. Thompson, 972 So.2d 582 (Miss.2007); Miss. Comm'n on Judicial Performance v. Fowlkes, 967 So.2d 12 (Miss.2007); Miss. Comm'n on Judicial Performance v. Cowart, 936 So.2d 343 (Miss.2006); Miss. Comm'n on Judicial Performance v. Williams, 880 So.2d 343 (Miss.2004); State Comm'n on Judicial Performance v. Carr, 786 So.2d 1055 (Miss.2001).
¶ 15. Six factors must be considered when determining proper sanctions in judicial misconduct proceedings. Miss. Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004).

i. The length and character of the judge's public service.
¶ 16. Pittman served as municipal court judge for the City of Hattiesburg for six-and-one-half years. Nothing in the record indicates any other actions or deeds by Pittman while in public service.

ii. Whether there is any prior case law on point.
¶ 17. In Mississippi Commission on Judicial Performance v. Atkinson, 645 So.2d 1331 (Miss.1994), Judge Boyd P. Atkinson, in his capacity as a municipal court judge, pro tempore, held a preliminary hearing and set bail for a criminal defendant. Atkinson, 645 So.2d at 1332-33. Atkinson then represented the defendant in his petition to reduce the bond, which Atkinson himself, acting as judge, previously had set. Id. at 1333. This Court held that Atkinson's representation on the petition to reduce bond conflicted with his earlier actions as municipal judge. Id. at 1336. Atkinson was publicly reprimanded and assessed the cost of appeal. Id. at 1337.

iii. The magnitude of the offense and the harm suffered.
¶ 18. Pittman's conduct gave the appearance of impropriety because he signed court documents and set bond for Moreno as a municipal judge, and subsequently served as Moreno's attorney on the same charges. He also failed to uphold the integrity and independence of the judiciary.

iv. Whether the misconduct is an isolated incident or evidences a pattern of conduct.
¶ 19. In July 2004, in an unrelated matter, Pittman signed a Memorandum of Understanding in which he acknowledged that it is improper to non-adjudicate a DUI case with a blood-alcohol level of .08% and above, or where there is no blood-alcohol-content reading available to the court. The Commission privately admonished Pittman for such violation.

*820 v. Whether moral turpitude was involved.
¶ 20. This Court has found the existence of moral turpitude in recent cases. Miss. Comm'n on Judicial Performance v. Gordon, 955 So.2d 300, 305-306 (Miss. 2007) (fourteen instances of "ticket-fixing"); Comm'n on Judicial Performance v. Sanford, 941 So.2d 209, 216-18 (Miss. 2006) (at the judge's request, sheriff informed arresting officer in DUI case not to appear at a court hearing so that judge could dismiss case for failure to prosecute, and the case was dismissed); Miss. Comm'n on Judicial Performance v. Britton, 936 So.2d 898, 906 (Miss.2006) (six complaints ranging from ex parte communications with parties to setting aside a judgment entered by another judge); Comm'n on Judicial Performance v. Cowart, 936 So.2d 343, 350 (Miss.2006) (three instances involving ex parte communications, resulting in judge remanding traffic tickets to files).
¶ 21. Contrary to the egregious conduct of the judges in the above-cited cases, we agree with the Commission that Pittman's actions, while highly improper, do not rise to the level of moral turpitude. Compare Miss. Comm'n on Judicial Performance v. Thompson, 972 So.2d 582, 589 (Miss.2008) (judge attempted to interfere with the issuance of an arrest warrant). "`Moral turpitude includes, but is not limited to, actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute.'" Miss. Comm'n on Judicial Performance v. Justice Court Judge T.T., 922 So.2d 781, 786 n. 4 (Miss.2006) (citing Gibson, 883 So.2d at 1158 n. 2); see also Miss. Comm'n on Judicial Performance v. Sanford, 941 So.2d 209, 217 (Miss. 2006) (includes upholding and respecting "some of the basic tenets of daily living in a civil society"). Although Pittman's actions were prejudicial to the administration of justice, he did not attempt to impede or interfere with the judicial process.

vi. The presence or absence of mitigating or aggravating circumstances.
¶ 22. Pittman acknowledged his inappropriate conduct by entering into the Agreed Statement of Facts and Proposed Recommendation with the Commission. Additionally, Pittman has resigned as municipal court judge. But see Fletcher, 686 So.2d 1075 (this Court ordered a public reprimand and assessed costs even though the municipal judge in that case had resigned).

CONCLUSION
¶ 23. We find that Pittman's violation of the various judicial canons we have discussed constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the office into disrepute, thus causing Pittman's conduct to be actionable pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. Therefore, we grant the Joint Motion for Approval of Recommendations Filed by the Mississippi Commission on Judicial Performance, and order that Pittman be publicly reprimanded and taxed with the costs of this proceeding in the amount of $100.
¶ 24. JUDGE EDWIN L. PITTMAN, JR., FORMERLY MUNICIPAL COURT JUDGE FOR HATTIESBURG, MISSISSIPPI, SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT WHEN THE VENIRE PANEL MEETS BY THE PRESIDING JUDGE OF THE LAMAR COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION BECOMES FINAL AND IS *821 ASSESSED COSTS IN THE AMOUNT OF $100.
CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. SMITH, C.J., AND DIAZ, P.J., NOT PARTICIPATING.
EASLEY, Justice, concurring in part and dissenting in part:
¶ 25. Though I concur with the majority's finding that Pittman violated multiple judicial canons, I respectfully, but strongly, dissent from its lenient penalty. The Commission's recommended punishment, and this Court's acceptance of it, "fails to adequately serve the public's interest and can only cause further erosion of the public's confidence in the judiciary." Miss. Comm'n on Judicial Performance v. Britton, 936 So.2d 898, 908 (Miss.2006) (Randolph, J., specially concurring).
¶ 26. I am deeply troubled by the majority's failure to fully recognize the degree, in both appearance and existence, of impropriety that transpires from a judge who, after setting a defendant's bond in a criminal matter, accepts payment to represent that defendant on the same matter in a different court. As this Court has said many times before, the perception of justice of most of our citizens is forged out of their experience with our justice court and municipal court judges.
¶ 27. Although many recognize that there are different stages for criminal matters, most do not fully understand the legal and procedural distinctions that exist between them. Thus, a municipal court judge and a circuit court judge, separated by their assigned roles, may be perceived as one and the same. Therefore, it should be obviously apparent to this Court's own perceptive understanding, just how easy it is that a judge having presided over a defendant's bond hearing in a criminal matter could be regarded as someone who would curry special favor in a later proceeding concerning that same matter. I sincerely hope, that before accepting the $4,000 retainer from the defendant's family, that Pittman, with six years of experience as a municipal court judge, fully counseled them and dispelled any such misconceptions, even though doing so would raise additional questions. Given the weak record before us, we will never know.
¶ 28. DUI manslaughter is a very serious charge; Pittman's decision to represent the defendant in that matter not only put other attorneys and judges in jeopardy of ethical violations, it also created potential consequences for his client. Again, though, the record in this matter is remarkably sparse, so we do not know the details of what happened below.
¶ 29. Furthermore, I am also concerned with the "slap-on-the-wrist" sanction that Pittman received in his last disciplinary matter involving the non-adjudication of a DUI case. Though one would think that the son of a former Supreme Court chief justice would know better, the new matter before us demonstrates otherwise. It is clear that this Court's weak response in that matter had no lasting effect, if any. Quite frankly, an unpublished, private reprimand, is susceptible to being interpreted by the public as a "cover-up."
¶ 30. The public's confidence in both the bench and the bar has been severely harmed as a result of the unlawful and unethical conduct of several high-profile attorneys and judges in this state. This Court responded accordingly only after the damage was done. We must begin using our exclusive and inherent jurisdiction *822 over disciplinary matters to proactively restore the dignity and integrity of the bench and the bar. The public demands it, and it is our duty.
¶ 31. For the aforementioned reasons, I disagree with the majority's finding that Pittman's conduct did not impede or interfere with the judicial process; moral turpitude was involved. Pittman's resignation from office as Municipal Court Judge does not mitigate his conduct. His unethical conduct deserves no less than a one-year suspension.