WALLER, Chief Justice,
 

 for the Court:
 

 ¶ 1. The Mississippi Commission on Judicial Performance filed a Formal Complaint against Lamar County Justice Court Judge Carol Ann Bustin. The complaint charged that Judge Bustin, while serving as an attorney for David C. Lema’s ex-wife, executed a felony arrest warrant for Lema based upon an affidavit submitted by the ex-wife. The Commission and Judge Bustin jointly move this Court to accept the agreed findings of fact and to approve the recommended sanctions — a public reprimand, a $500 fine, and assessment of costs in the amount of $100. After conducting an independent inquiry and giving careful consideration to the joint motion for approval of recommendations and the supporting brief, we are unable to agree with the recommendation of the Commission. Because Judge Bustin abused the power of her office, acted as judge in a matter involving one of her own clients, and has engaged in similar misconduct in the past, we order a thirty-day suspension from office without pay in addition to the recommended sanctions.
 

 AGREED FACTS
 

 ¶2. In September 2007, Judge Bustin executed a felony arrest warrant for David C. Lema, charging him with kidnapping his own child. The warrant was based upon an affidavit filed by Lema’s ex-wife, who claimed primary physical custody of the child. Judge Bustin, who is a licensed attorney, was representing Lema’s ex-wife in a separate divorce and child-custody matter.
 

 STANDARD OF REVIEW
 

 ¶ 3. In reviewing judicial misconduct cases, this Court conducts an “ ‘independent inquiry of the record,’ ” and, in doing so, “ ‘accord[s] careful consideration [of] the findings of fact and recommendations of the Commission, or its committee,. ...’”
 
 Miss. Comm’n on Judicial Performance v. Boone,
 
 60 So.3d 172, 176 (Miss.2011) (quoting
 
 In re Removal of Lloyd W. Anderson, Justice Court Judge,
 
 412 So.2d 743, 746 (Miss.1982)).
 

 DISCUSSION
 

 I. Judge Bustin violated Canons 1, 2A, 2B, 3B(1), 3B(2), 3B(8), 3E(l)(a)(b)(d), and 4A of the Mississippi Code of Judicial Conduct, thus causing this matter to be actionable under Article 6, Section 177A of the Mississippi Constitution of 1890, as amended.
 

 ¶ 4. The Commission found that Judge Bustin had violated Canons 1, 2A, 2B, 3B(1), 3B(2), 3B(8), 3E(l)(a)(b)(d), and 4A of the Code of Judicial Conduct. The Commission, however, did not delineate how each specific canon was violated.
 

 ¶ 5. Judge Bustin failed to recognize the conflict of interest between representing a
 
 *601
 
 client in a divorce and child-custody dispute, and simultaneously executing a warrant, based upon that client’s affidavit, for the arrest of the client’s ex-husband. By doing so, she misused her office and impugned the public’s perception of the judiciary.
 

 ¶ 6. Canon 1 states that “... [a] judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved .... ” Mississippi Code of Judicial Conduct Canon 1. By executing an arrest warrant based upon an affidavit submitted by her own client, Judge Bustin failed to observe high standards of conduct.
 

 ¶ 7. Canon 2A provides that “[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” Mississippi Code of Judicial Conduct Canon 2A. Judge Bustin failed to comply with the law by acting as judge in a matter involving her own client. Her conduct tarnished public confidence in the integrity and impartiality of the judiciary.
 

 ¶ 8. Canon 2B prohibits judges from lending the prestige of their office to advance the private interests of others:
 

 Judges shall not allow their family, social, or other relationships to influence the judges’ judicial conduct or judgment. Judges shall not lend the prestige of their offices to advance the private interests of the judges or others; nor shall judges convey or permit others to convey the impression that they are in a special position to influence the judges....
 

 Mississippi Code of Judicial Conduct Canon 2B. Judge Bustin allowed her relationship with her client to influence her judicial conduct, and she lent the prestige of her office to advance that client’s interest.
 

 ¶ 9. Canon 3B(1) states that “[a] judge shall hear and decide all assigned matters within the judge’s jurisdiction except those in which disqualification is required.” Mississippi Code of Judicial Conduct Canon 3B(1). Judge. Bustin should have disqualified herself from a matter that involved her own client.
 

 ¶ 10. Canon 3B(2) requires judges to adhere to the law, to maintain professional competence in it, and to not be swayed by “partisan interests, public clamor, or fear of criticism.” Mississippi Code of Judicial Conduct Canon 3B(2). By failing to recognize the conflict of interest in executing an arrest warrant based upon an affidavit submitted by her own client, Judge Bustin did not adhere to the law.
 

 ¶ 11. Canon 3B(8) requires judges to “dispose of all judicial matters promptly, efficiently and fairly.” Mississippi Code of Judicial Conduct Canon 3B(8). It was patently unfair for Judge Bustin to execute an arrest warrant for her client’s ex-husband while simultaneously representing her client in a civil proceeding against the ex-husband.
 

 ¶ 12. Canon 3E(l)(a), furthermore, requires that judges disqualify themselves when their impartiality might be questioned or when they have personal prejudice concerning a party:
 

 (1) Judges should disqualify themselves in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law, including but not limited to instances where:
 

 (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evi-
 
 *602
 
 dentiary facts concerning the proceeding. ...
 

 Mississippi Code of Judicial Conduct Canon 3E(l)(a). There is no doubt that Judge Bustin had personal knowledge of the evi-dentiary facts, and she exhibited bias and prejudice by executing the arrest warrant.
 

 ¶ 13. Canon 3E(l)(b) States that judges should disqualify themselves whenever the judge “served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it[J” Mississippi Code of Judicial Conduct Canon 3E(l)(b). Judge Bustin served as the ex-wife’s lawyer in a divorce and child-custody proceeding against Lema at the same time that the ex-wife submitted the affidavit that charged Lema with child kidnapping. Judge Bustin, therefore, should have disqualified herself from the criminal matter.
 

 ¶ 14. Canon 3E(l)(d) provides, in pertinent part, that judges should disqualify themselves whenever they are acting as a lawyer in the proceeding, or they have an interest that could be substantially affected by the outcome of the proceeding. Mississippi Code of Judicial Conduct Canon 3E(l)(d)(ii), (iii). As already noted, Judge Bustin served as the ex-wife’s lawyer in the divorce and child-custody proceeding against Lema at the same time that the ex-wife submitted the affidavit that led to Lema’s arrest. And, as the ex-wife’s attorney, Judge Bustin had an interest that could have been substantially affected by the outcome of the criminal proceeding against Lema.
 

 ¶ 15. And finally, Canon 4A requires judges to conduct all of their extrajudicial activities so that they do not “(1) cast reasonable doubt on the judge’s capacity to act impartially as a judge; (2) demean the judicial office; or (3) interfere with the proper performance of judicial duties.” Mississippi Code of Judicial Conduct Canon 4A. Judge Bustin allowed her extrajudicial representation of a client to cast doubt upon her ability to act impartially. She allowed it to interfere with her judicial duties and, in doing so, she demeaned the office.
 

 ¶ 16. After conducting an independent inquiry, we agree that Judge Bustin violated Canons 1, 2A, 2B, 3B(1), 3B(2), 3E(l)(a)(b)(d), and 4A of the Code of Judicial Conduct. Her actions, moreover, constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Article 6, Section 177A, of the Mississippi Constitution of 1890, as amended.
 

 II. Judge Bustin’s misconduct warrants a thirty-day suspension from office without pay, a public reprimand, a $500 fine, and assessment of costs in the amount of $100.
 

 ¶ 17. This Court considers six factors in determining proper sanctions for judicial misconduct: (1) the length and character of the judge’s public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of misconduct; (5) whether moral turpitude was involved; and (6) the presence or absence of mitigating or aggravating circumstances.
 
 Miss. Comm’n on Judicial Performance v. Gibson,
 
 883 So.2d 1155, 1158 (Miss.2004),
 
 overruled in part on other grounds by Boone,
 
 60 So.3d at 176-77.
 

 A. Length and Character of Judge Bustin’s Service
 

 ¶ 18. Judge Bustin has served as a justice court judge for eight years. The
 
 *603
 
 record is silent concerning the character of her public service.
 

 B. Prior Caselaw
 

 ¶ 19. The Commission submits that there are no cases directly on point, though it offers two cases that it says provides some guidance.
 

 ¶20. In
 
 Mississippi Commission on Judicial Performance v. Atkinson,
 
 645 So.2d 1331, 1333 (Miss.1994), Judge Atkinson conducted a preliminary hearing and set bond for an accused; he later represented the accused in circuit court and tried to have the bond reduced. This Court ordered that" Judge Atkinson be publicly reprimanded and assessed the costs of appeal.
 
 Id.
 
 at 1337. Likewise, in
 
 Mississippi Commission on Judicial Performance v. Pittman,
 
 993 So.2d 816, 817 (Miss.2008), Judge Pittman signed an arrest warrant and set bond for a defendant; he later represented that defendant in circuit court on those same charges. The Court, as it did in
 
 Atkinson,
 
 ordered that Judge Pittman be publicly reprimanded and assessed the costs of appeal.
 
 Id.
 
 at 818, 820.
 

 ¶ 21. In some respects, Judge Bustin’s actions are akin to those cases in which a judge presided over a matter involving a relative of the judge. In
 
 Mississippi Commission on Judicial Performance v. Dearman,
 
 66 So.3d 112, 115 (Miss.2011), Judge Dearman presided over a domestic-dispute matter involving her own nephew. We found that her actions created the appearance of impropriety and harmed the public’s perception of the judiciary.
 
 Id.
 
 at 117, 119. Based on that misconduct and numerous other violations as well, we ordered a thirty-day suspension, a public reprimand, and assessment of costs in the amount of $100.
 
 Id.
 
 at 121. In
 
 Mississippi Commission on Judicial Performance v. Cole,
 
 932 So.2d 9, 10 (Miss.2006),
 
 overruled in part on other grounds by Boone,
 
 60 So.3d at 176-77, Judge Cole had his grandson’s driver’s license reinstated pending the disposition of several charges against his grandson. Judge Cole also contacted the county sheriff and tried to have his grandson sent to a detention facility instead of a state facility.
 
 Id.
 
 As punishment, we ordered a public reprimand and assessment of costs in the amount of $100.
 
 Id.
 
 at 12.
 

 ¶ 22. Judge Bustin’s actions also are similar to cases in which judges abused the power of their office by issuing, or threatening to issue, arrest warrants without proper grounds. In
 
 Mississippi Commission on Judicial Performance v. Anderson,
 
 32 So.3d 1180, 1181, 1186 (Miss.2010), Judge Anderson issued an arrest warrant based upon information that he had received from
 
 ex parte
 
 contact with a litigant. As punishment for that and several other misdeeds as well, we imposed a thirty-day suspension, ordered a public reprimand, and assessed Judge Anderson the costs of appeal.
 
 Id.
 
 at 1188. In
 
 Mississippi Commission on Judicial Performance v. Carr,
 
 990 So.2d 763, 765, 766-67, 769-70 (Miss.2008),
 
 overruled in part on other grounds by Boone,
 
 60 So.3d at 177, Judge Carr, based upon
 
 ex parte
 
 communications with members of the community, threatened an individual with prosecution and falsely told her that an arrest warrant had been issued against her in an effort to persuade her to return portions of a cemetery fence that had been missing. This Court found that Judge Carr had abused the power and influence of his office.
 
 Id.
 
 at 767. Based on this and Judge Carr’s prior history of misconduct, the Court imposed a sixty-day suspension, a public reprimand and a $2,000 fíne, and assessed the costs of appeal.
 
 See id.
 
 at 770. In
 
 Mississippi Commission on Judicial Performance v. Cantrell,
 
 624 So.2d 94, 95-96 (Miss.
 
 *604
 
 1993), a local car dealer approached Judge Cantrell
 
 ex parte
 
 and influenced him to issue an arrest warrant against a certain individual for embezzlement. The warrant was never actually served, however.
 
 Id.
 
 at 96. The formal complaint charged that Judge Cantrell had pressured the individual with arrest if he did not pay the amount demanded by the car dealer, but Judge Cantrell denied doing so under the agreed facts.
 
 Id.
 
 at 95-96. This Court accepted the Commission’s recommendation of a public reprimand.
 
 Id.
 
 at 97. Though the Court accepted a public reprimand based on the agreed stipulation, it stated that if the allegations of the complain had indeed been true, a harsher sanction would have been in order.
 
 Id.
 
 at 97.
 

 ¶ 23. The principal offense here is that Judge Bustin used the criminal process to influence a civil proceeding. In that regard, her behavior is similar to those cases in which judges have used the criminal process to collect or enforce a civil debt.
 
 Miss. Comm’n on Judicial Performance v. Willard,
 
 788 So.2d 736, 738, 743, 746 (Miss.2001) (judge removed from office for twenty-four counts of judicial misconduct, one of which included using the criminal process to collect a civil debt);
 
 In re Odom,
 
 444 So.2d 835, 837 (Miss.1984) (judge publicly reprimanded and fined $250, in part, for using the criminal process or the threat of criminal process to collect civil debts);
 
 In re Lambert,
 
 421 So.2d 1023, 1024-25 (Miss.1982) (judge publicly reprimanded and fined $2,000, in part, for using the criminal process to collect civil debts).
 

 ¶ 24. We also have found two cases from other jurisdictions that involved misconduct similar to Judge Bustin’s. In
 
 Matter of Wireman,
 
 270 Ind. 344, 353-55, 367 N.E.2d 1368, 1373-74 (1977), Judge Wireman, on two separate occasions, represented a wife in a divorce and support action; he then sat as a judge when the ex-wife charged the ex-husband with failing to provide child support. In one of those instances, Judge Wireman actually presided over the delinquent child-support matter while simultaneously representing the ex-wife in a related case before a different court.
 
 Id.
 
 at 1373. The Supreme Court of Indiana ultimately disbarred Judge Wireman based on that and a litany of other transgressions, including the fact that he had encouraged certain individuals to burglarize a residence.
 
 Id.
 
 at 1375-76.
 

 ¶ 25. In
 
 In re Soileau,
 
 502 So.2d 1083, 1084-85, 1087 (La.1987), Judge Soileau issued an arrest warrant against a husband for nonsupport charges at the same time that Judge Soileau was representing that husband’s wife in an action for separation. The Supreme Court of Louisiana noted that that particular incident, standing alone, warranted nothing more than a warning because (1) there had been only an appearance of impropriety and (2) it had appeared to be an isolated incident.
 
 Id.
 
 at 1088. Yet, due to several other incidences of misconduct in that case, the court imposed a six-month suspension.
 
 Id.
 
 at 1090.
 

 ¶ 26. While none of the above cases are directly on point, this Court does not take lightly a judge using the criminal process to influence a civil proceeding in which that judge is involved in as an attorney.
 

 C. The Magnitude of the Offense and the Harm Suffered,
 

 ¶ 27. Judge Bustin, in her judicial capacity, signed a warrant for her client’s ex-husband’s arrest based upon an affidavit submitted by her client. Judge Bustin used her office to further the private interests of her client. Her actions were an abuse of judicial power and impugned the reputation of the judiciary.
 

 ¶ 28. This Court has noted that most citizens’ primary, and perhaps only, con
 
 *605
 
 tact with the law is through justice court; for that reason, justice court judges must “ ‘regard scrupulously ” their office.
 
 Miss. Comm’n on Judicial Performance v. Sanford,
 
 941 So.2d 209, 215 (Miss.2006) (quoting
 
 In re Bailey,
 
 541 So.2d 1036, 1039 (Miss.1989)). If justice court judges do not exhibit professionalism, there is little chance that our citizenry will understand and respect the legal process.
 
 Sanford,
 
 941 So.2d at 215 (quoting
 
 In re Bailey,
 
 541 So.2d at 1039).
 

 D. Isolated Incident or Pattern of Conduct
 

 ¶ 29. The brief in support of the joint motion states that Judge Bustin has “received a private admonishment from the Commission for similar conduct that involved a conflict of interest between her private law practice and that of her office as justice court judge.” Despite this warning, Judge Bustin chose to engage in this unethical practice again. Because Judge Bustin has engaged in similar misconduct in the past, we find that this second incident reflects, arguably, a repeated course of behavior.
 
 See Miss. Comm’n on Judicial Performance v. Brown,
 
 918 So.2d 1247, 1258 (Miss.2005) (finding that a prior, private reprimand for similar misconduct was relevant for helping establish a course of repeated misconduct).
 

 E. Moral Turpitude
 

 ¶ 30. The Commission states that Judge Bustin’s actions
 
 may
 
 be construed as involving moral turpitude. We find that Judge Bustin’s abuse of office and misuse of judicial powers
 
 does
 
 involve moral turpitude.
 

 ¶ 31. “Moral turpitude includes, but is not limited to, actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute.”
 
 Gibson,
 
 883 So.2d at 1159 n. 2. It “ ‘must involve some immorality.’”
 
 Mississippi Comm’n on Judicial Performance v. Patton,
 
 57 So.3d 626, 633 (Miss.2011) (quoting
 
 Miss. Comm’n on Judicial Performance v. Roberts,
 
 952 So.2d 934, 942 (Miss.2007)). And it must “cross the line ‘from simple negligence or mistake, to willful conduct which takes advantage of a judge’s position for greed or other inappropriate motives.’ ”
 
 Patton,
 
 57 So.3d at 633 (quoting
 
 Miss. Comm’n on Judicial Performance v. Vess,
 
 10 So.3d 486, 493 (Miss.2009)). A willful subversion of justice merits harsher punishment.
 
 Vess,
 
 10 So.3d at 493 (Miss.2009) (quoting
 
 Miss. Comm’n on Judicial Performance v. Gordon,
 
 955 So.2d 300, 305 (Miss.2007)).
 

 ¶ 32. We find that Judge Bustin’s actions involved moral turpitude because she willfully misrepresented herself as a neutral arbiter and abused her position as a judge by signing an arrest warrant based on an affidavit submitted, ex parte, by her own client. She thus interfered with the administration of justice.
 

 F.Mitigating or Aggravating Factors
 

 ¶ 33. Judge Bustin has agreed that her actions were improper, and she has joined the motion for approval of recommendations. In a supplemental filing with this Court, Judge Bustin also stipulated that she has not qualified for re-election as Justice Court Judge for Post 3 in Lamar County.
 

 ¶ 34. After conducting an independent review of the record, and after carefully considering the joint motion for approval of recommendations and the supporting brief, we are unable to agree with the proposed recommended punishment. Judge Bustin’s actions not only were egregious and implicated moral turpitude, but she has engaged in similar behavior in the
 
 *606
 
 past. A harsher sanction, therefore, is appropriate.
 
 Cf. Miss. Comm’n on Judicial Performance v. McKenzie,
 
 68 So.3d 1219 (Miss.2011) (imposing a thirty-day suspension in addition to the Commission’s recommendation of a public reprimand, $500 fine, and assessment of costs where the misconduct was egregious, involved moral turpitude, and constituted a pattern of conduct).
 

 ¶ 35. Judge Bustin’s misconduct is more serious than the judges’ behavior in
 
 Atkinson
 
 and
 
 Pittman.
 
 Those judges were publicly reprimanded and assessed costs for representing a defendant
 
 after
 
 they had participated as a judge in a matter involving that same defendant.
 
 Pittman,
 
 993 So.2d at 817-20;
 
 Atkinson,
 
 645 So.2d at 1333-37. They did not represent the litigant at the time that he appeared before them. They had at least a conceivable, though unpersuasive, defense for their actions. Judge Atkinson, for example, insisted that he had not substantially participated in the matter as a judge, and that his later representation had been minimal.
 
 Atkinson,
 
 645 So.2d at 1334. One justice agreed, and found that Judge Atkinson’s conduct did not merit sanctions.
 
 Id.
 
 at 1337-40 (Lee, P.J., dissenting). Here, Judge Bustin represented Lema’s ex-wife
 
 at the same time
 
 that she executed the felony arrest warrant that was based upon this ex-wife’s affidavit. The conflict of interest was clear and unmistakable. Judge Bustin’s decision to disregard that conflict is simply indefensible.
 

 ¶ 36. It is true that in
 
 In re Soileau,
 
 the Louisiana Supreme Court found that misconduct similar to Judge Bustin’s, by itself, warranted only a warning.
 
 In re Soileau,
 
 502 So.2d at 1088. But, before reaching its conclusion, the court emphasized the wrongfulness of such behavior.
 
 Id.
 
 And, more importantly, it explained that it was exercising leniency because the incident appeared to be isolated, and because only an appearance of impropriety had been given.
 
 Id.
 
 That is not the case here. Judge Bustin’s behavior was not an isolated incident.
 

 ¶ 37. Because of the egregiousness and moral turpitude of Judge Bustin’s conduct, and because she had engaged in similar behavior in the past, we order a thirty-day suspension in addition to the proposed recommended sanctions.
 

 ¶38. While Judge Bustin has stipulated that she will not run for reelection, this does not foreclose the need to apply appropriate sanctions. This Court has, in its past, imposed sanctions where the judge has either resigned or not sought re-election.
 
 Miss. Comm’n on Judicial Performance v. DeLaughter,
 
 29 So.3d 750 (Miss.2010) (judge removed from office even though he already had resigned);
 
 Miss. Comm’n on Judicial Performance v. Osborne,
 
 16 So.3d 16 (Miss.2009) (judge removed from office even though he already had resigned);
 
 Miss. Comm’n on Judicial Performance v. Dodds,
 
 680 So.2d 180 (Miss.1996) (judge removed from office even though he had not sought re-election and was no longer in office);
 
 see also Miss. Comm’n on Judicial Performance v. Brown,
 
 918 So.2d 1247 (Miss.2005) (judge removed from office even though he had asserted that he would not seek re-election);
 
 but see Miss. Comm’n on Judicial Performance v. Martin,
 
 995 So.2d 727 (Miss.2008) (interim sus pension deemed moot because judge had resigned from office). We explained in
 
 Dodds
 
 that there are good reasons for doing so.
 
 Dodds,
 
 680 So.2d at 182 n. 1. A judge should not be able to avoid discipline by simply resigning or voluntarily leaving office.
 
 Id.
 
 (citing
 
 In re the Matter of Weeks,
 
 134 Ariz. 521, 658 P.2d 174 (1983)). And this Court’s judicial-misconduct decisions provide guidance for the entire judi
 
 *607
 
 ciary and help preserve public confidence in it.
 
 Dodds,
 
 680 So.2d at 182 n. 1 (citing
 
 In re Yaccarino,
 
 101 N.J. 342, 502 A.2d 3, 30-31 (1985)).
 

 ¶ 39. Based on our precedent then, the fact that Judge Bustin will not seek reelection and will no longer be in office has no effect on the sanctions that we impose.
 

 CONCLUSION
 

 ¶ 40. We find that Judge Bustin violated Canons 1, 2A, 2B, 3B(1), 3B(2), 3B(8), 3E(l)(a)(b)(d), and 4A of the Code of Judicial Conduct, and that her actions constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute under Section 177A of the Mississippi Constitution of 1890, as amended. After conducting an independent review of the record, and after giving careful consideration to the joint motion for approval of recommendations and the supporting brief, we order that Judge Bustin be suspended for thirty days from office without pay following the issuance of this Court’s mandate, publicly reprimanded, fined $500, and assessed $100 in court costs. The Clerk of this Court shall send copies of this opinion, together with the mandate of this Court, to the Chancery Clerk of Lamar County, to the Circuit Clerk of Lamar County, as well as to the Lamar County Justice Court Clerk, the County Administrator for Lamar County, and the Lamar County Board of Supervisors.
 

 ¶ 41. LAMAR COUNTY JUSTICE COURT JUDGE CAROL ANN BUSTIN SHALL BE SUSPENDED FROM OFFICE FOR A PERIOD OF THIRTY (30) DAYS WITHOUT PAY, EFFECTIVE ON THE DATE OF ISSUANCE OF THIS COURT’S MANDATE; PUBLICLY REPRIMANDED; FINED $500; AND ASSESSED COSTS OF $100. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY THE PRESIDING JUDGE OF THE LAMAR COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VE-NIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT’S MANDATE, WITH JUDGE BUSTIN IN ATTENDANCE.
 

 CARLSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, J., NOT PARTICIPATING.