# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00484-COA

JEFFREY HOLMAN                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2013 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | M. JUDITH BARNETT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED: 09/09/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1.     Jeffrey Holman was convicted of armed robbery in 2008. His conviction was affirmed on appeal. The Mississippi Supreme Court granted Holman permission to seek post-conviction relief in the trial court, which he did, contending that his trial counsel had colluded with the attorney for one of his accusers. After an evidentiary hearing, the trial court found Holman's claims factually baseless and denied his PCR petition. We find that the trial court acted within its discretion in resolving conflicting testimony and that its decision is supported by substantial evidence. We affirm.

**STANDARD OF REVIEW**

¶2.   When reviewing the denial of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008).

**DISCUSSION**

¶3.   Holman was convicted on the theory that he assisted another man, George Dotson Jr., in robbing a convenience store. Holman's defense was Dotson had forced him to help with the robbery. Dotson pled guilty shortly before Holman's trial.

¶4.   Holman's attorney at trial was Richard Carter III. Carter was a part-time public defender, and Holman's was the first felony case he had tried. Rosalind Jordan was the other part-time public defender in Attala County; she was more experienced. Jordan represented Dotson, who testified against Holman in the latter's trial. Holman alleged in his PCR motion that Jordan assisted Carter in the trial and that Carter had relied on her advice, to Holman's detriment. Holman contended that both Dotson and Jordan had it in for him; allegedly, Dotson had called Holman a snitch and delighted in his prosecution, and a witness claimed to have overheard Jordan say she wanted to see Holman convicted.

¶5.   At the evidentiary hearing on Holman's PCR motion, Carter testified that he did not remember speaking to Jordan about Holman's case. Jordan admitted she was present in the courtroom for some of the trial, but she strenuously denied that she had collaborated with Carter on the case; she admitted only that she may have exchanged pleasantries with him that day in the courtroom.

2

¶6. On the other side of the coin, Holman testified that he personally witnessed Carter taking direction from Jordan about his case during jury selection. Another witness, Hap Anderson, testified that he saw Carter and Jordan speaking and that Carter had told him Jordan helped with the jury selection. The affidavit of a third witness, Mike Hutchison, was admitted into evidence. Hutchinson, a former sheriff, stated that Carter had declined his offer to help pick the jury. Instead, he observed Carter and Jordan reviewing the jury lists, and there was "no mistaking" that they were collaborating on jury selection.

¶7. The trial court considered all of the above evidence and explicitly found that Carter and Jordan's testimony was more credible. After taking some time to deliberate, the judge announced his ruling from the bench. He accurately summarized the testimony we have recounted above, and then held:

> [W]here there's a conflict in the testimony, the Court has to resolve [it.] Here, Jordan has no reason to offer any testimony that would not be truthful. [O]n the other hand, this Court believes Holman has every reason in the world to testify in the manner in which he did.
>
> The Court will also note that Anderson and Hutchinson, both of those individuals during the trial several years ago, were defense witnesses and offered glowing character assessments of Mr. Holman. In fact, in the affidavit that Mr. Anderson filed, he even stated that he considered Holman to be like one of his own kids.
>
> So . . . Mrs. Jordan is the only witness who has no interest in the outcome of the proceedings. She's not aligned in any way or shape or any fashion with anyone involved in this case.
>
> So for that reason, the Court finds her testimony to be more credible than that that says otherwise.
>
> Mrs. Jordan did not assist or help Mr. Carter in any way during the jury

3

selection in the armed robbery trial. Since she did not help or assist in any way, the Court finds that there would be no conflict of interest since she acted in no capacity as counsel for Mr. Holman. And[,] therefore, he is not entitled to any relief on this issue.

The court also rejected Holman's ineffective assistance of counsel claim challenging Carter's overall representation at trial. Although Holman obviously does not agree, he has not directly contested that decision on appeal.

¶8. Holman devotes nearly all of his brief on appeal to attempting to show that he would be entitled to a new trial if the trial court had accepted his version of the facts. However, because the court believed Jordan's testimony, that question is moot; on appeal, we are required to defer to the trial court's findings of fact. "[T]he trial judge, sitting in a bench trial as the trier of fact, has sole authority for determining credibility of the witnesses." *Johns v. State*, 926 So. 2d 188, 194 (¶29) (Miss. 2006).

¶9. The only challenge Holman makes to the trial court's factual findings is his contention that Jordan's testimony should be discounted because, when asked why she was so sure about her conduct that day, Jordan stated: "It's just not something I would have done, considering the fact that my client, Mr. Dotson, was going to be testifying against Mr. Holman." According to Holman, this is an admission that Jordan did not remember the events and was just testifying as to what she believed she would have done. In context, that does not appear to be what she actually said. Furthermore, a reviewing court "must examine the entire record and accept that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and

4

which favor the lower court's findings of fact." *Id.* (citation and quotation marks omitted).

¶10. After reviewing the record, we conclude that the trial court acted within its discretion as the finder of fact when it favored Jordan and Carter's testimony over that of Holman and his witnesses. The trial court's findings are not clearly erroneous and its judgment cannot be disturbed on appeal.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**