KITCHENS, Justice,
for the Court:
¶ 1. The Mississippi Commission on Judicial Performance (the Commission) filed a “Formal Complaint” against Chancery Court Judge Joe Dale Walker alleging conduct prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Section 177A of the Mississippi Constitution. The Commission recommended that this Court order an interim suspension of Judge Walker during the pendency of Commission proceedings. The Court suspended Judge Walker from the performance of the duties of his office, with pay, during the pendency of the Commission’s inquiry. Judge Walker since has resigned from his position as Chancery Court Judge, Post Two, of the Thirteenth Chancery Court District of Mississippi, having pled guilty in the United States District Court for the Southern District of Mississippi to the felony of obstruction of justice. Judge Walker and the Commission, by and through its executive director, filed an Agreed Statement of Facts and Proposed Recommendation, in which Judge Walker admitted that he had violated Canon 1 of the Code of Judicial Conduct and Section 177A of the Mississippi Constitution. Judge Walker agreed that his removal from office and assessment of costs against him constituted an appropriate sanction. The Commission unanimously adopted the Agreed Statement of Facts and Proposed Recommendation. This Court, in accordance with Article 6, Section 177A, of the Mississippi Constitution, Rule 10E of the Rules of the Mississippi Commission on Judicial Performance, and applicable Mississippi case law, now reviews the Commission’s recommendation. Miss. Comm’n on Judicial Performance v. Darby, 143 So.3d 564 (Miss.2014).

AGREED FACTS

¶ 2. The following facts are taken verbatim from the Agreed Statement of Facts and Proposed Recommendation:
On or about July 14, 2010 the Respondent, in his official capacity as Chancery Court Judge, signed a decree appointing Marilyn Denise Newsome as conservator of her daughter, Victoria Denise Newsome in In the Matter of the Conservatorship of Victoria Denise Newsome, Cause No. 201-0146, in the Chancery Court of Simpson County, Mississippi.
The Formal Complaint in this matter contains various allegations regarding Respondent’s mismanagement of the conservatorship. Due to various irregularities occurring in Respondent’s handling of the conservatorship, the matter was investigated by the Federal Bureau of Investigation as well as the Commission. As a result of that investigation, a grand jury was convened and witnesses .called to testify regarding the administration of the conservatorship. In association therewith, Respondent has en *1167 tered a guilty plea related to a charge of attempting to corruptly influence a witness subpoenaed to appear before a Federal Grand Jury proceeding and attempting to impede the provision of documents by the witness to the Federal Grand Jury with the intent to influence the outcome of the proceeding in violation of Section 1512(c)(2), Title 18, United States Code. The Federal Court Judge has accepted the plea and will impose sentence on Respondent in January, 2015, thereby rendering a hearing on the merits in the Commission case unnecessary and superfluous. Based upon said plea, Respondent has resigned from office and agrees that the appropriate sanction in this cause should bé removal from office. See Miss. Comm’n on Judicial Performance v. DeLaughter, 29 So.3d 750 (Miss.2010).

ANALYSIS

¶ 3. The Rules of the Mississippi Commission on Judicial Performance provide that this Court “shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper.” Miss. Comm’n on Judicial Performance Rule 10E. “The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission.” Id. We have held that:
[I]n cases coming to us from the Mississippi Commission on Judicial Performance, the Court, in making a “final determination of the appropriate action to be taken in each case,” would “conduct an independent inquiry of the record” and in doing so, this Court would “accord careful consideration [of] the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses.”
Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172, 176 (Miss.2011) (quoting In re Removal of Anderson, 412 So.2d 743, 746 (Miss.1982)). Nevertheless, “this Court is not bound by the Commission’s findings, and we may impose additional sanctions.” Miss. Comm’n on Judicial Performance v. DeLaughter, 29 So.3d 750, 754 (Miss.2010) (citations omitted). “This is true even when the Commission and the judge enter into a joint recommendation— this Court’s acceptance of the joint recommendation is hot a certainty.” Darby, 143 So.3d at 567 (quoting Miss. Comm’n on Judicial Performance v. Skinner, 119 So.3d 294, 299 (Miss.2013)). Similarly, the resignation of a judge “ ‘does not foreclose the need to apply appropriate sanctions!,]’ for ‘a judge should not be able to avoid discipline by simply resigning or voluntarily leaving. office.’ ” Id. at 568 (quoting Miss. Comm’n on Judicial Performance v. Bustin, 71 So.3d 598, 606 (Miss.2011)).
¶ 4. Section 177A of the Mississippi Constitution sets forth this Court’s authority with regard to sanctioning judges upon recommendation of the Commission on Judicial Performance:
On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
Miss. Const. art. 6, § 177A. While Section 177A applies specifically to judges, the *1168 Legislature mandates removal from office of any public officer who enters a plea of guilty to any felony “in any court of this state or any other state or in any federal court....” Miss. Code Ann. § 25-5-1 (Rev. 2010). See also Miss. Const. art. 6, § 175 (“All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law.”); Miss. Comm’n on Judicial Performance Rule 6A(1) n. 1 (“Under Section 175, Mississippi Constitution of 1890, and Section 25-5-1, Mississippi Code of 1972, public officers convicted of a crime in this state shall be removed from office.”)
¶ 5. In Mississippi Commission on Judicial Performance v. DeLaughter, a circuit court judge pled guilty to “obstructing, influencing and impeding an official federal corruption investigation and grand jury proceeding....” DeLaughter, 29 So.3d at 751. He thereafter resigned his position as a Circuit Court Judge of Hinds County, Mississippi. Id. This Court held that, while “DeLaughter’s resignation is of no effect as regards sanctions by this Court,” due to the “seriousness of his admitted criminal acts and judicial misconduct, DeLaughter shall be removed from office.” Id. at 755. Judge DeLaughter was assessed the costs of the proceeding. Id. at 756.
¶ 6. In the present case, Judge Walker has acknowledged that he pled guilty “to a charge of attempting to corruptly influence a witness subpoenaed to appear before a Federal Grand Jury proceeding and attempting to impede the provision of documents by the witness to the Federal Grand Jury with the intent to influence the outcome of the proceeding.” Judge Walker admitted that:
[H]e is guilty of violating Canon 1 of the Code of Judicial Conduct of Mississippi Judges as well as Section 177A of the Mississippi Constitution of 1890, as amended, as said conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
We agree. As in DeLaughter, we now find that, “due to the seriousness of his admitted criminal acts and judicial misconduct,” Judge Walker “shall be removed from office” and assessed costs.

CONCLUSION

¶ 7. This Court hereby removes Judge Joe Dale Walker from the office of Chancery Court Judge, Post Two, of the Thirteenth Chancery Court District of Mississippi. Walker is taxed with costs of this proceeding in the amount $3,392.34.
¶ 8. CHANCERY COURT JUDGE JOE DALE WALKER IS REMOVED FROM OFFICE AND TAXED WITH COSTS IN THE AMOUNT OF $3,392.34.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, KING AND COLEMAN, JJ., CONCUR. PIERCE, J., NOT PARTICIPATING.