# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KM-00448-COA

**LEON LAKENDRICK SEALS A/K/A LEON L. SEALS A/K/A LEON SEALS**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/2024 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | URSULA KATRINA MITCHELL |
| ATTORNEY FOR APPELLEE: | BRENDAN CLARK SARTIN |
| DISTRICT ATTORNEY: | JOHN BRAMLETT JR. |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 01/06/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     A Rankin County municipal court found Leon Seals guilty of simple assault. Seals appealed the conviction to the County Court of Rankin County. After a de novo bench trial, Seals was again convicted of simple assault. He then appealed to the Rankin County Circuit Court, which affirmed his conviction and remanded for execution of the sentence.[1] On appeal before this Court, Seals challenges the sufficiency and weight of the evidence for his simple assault conviction. Finding no error, we affirm.

---

[1] Seals was also found guilty and convicted of violating city ordinances and disobeying law enforcement. In a separate appeal, Seals challenged his conviction for violating multiple ordinances. This Court affirmed his conviction and sentence. *Seals v. State*, No. 2024-KM-00450-COA, 2025 WL 3011403 (Miss. Ct. App. Oct. 28, 2025).

**FACTS AND PROCEDURAL HISTORY**

¶2.     On December 14, 2021, an officer with the Pearl Police Department responded to a call about an ongoing property-line dispute. Seals and the victim, Reginald Moore, are neighbors in Pearl, Mississippi.[2] During the de novo bench trial, only Moore and Seals testified about the incident leading up to Seals's simple assault conviction. According to Moore's testimony during the hearing, Moore's mother and Seals were having a heated argument about Seals calling a wrecker truck to their property.[3] Moore testified that he ran toward his mother and Seals to "separate them." He further testified that as he was trying to get his mother away from Seals, Seals punched him in the jaw, grabbed his pistol, and threatened to shoot him. On direct, Moore stated, "[W]hen I asked him, so you going to shoot me? [Seals] said, yeah, I plan on shooting you. That's when I ran in the house."

¶3.     Seals testified that Moore approached him in a threatening manner, yelling and cursing. He testified that Moore got in his personal space and yelled, "Stupid mother f*****, I told you about coming on my property. . . ." Seals continued, "[H]e approached me, and I didn't give him time to do nothing else. I acted in self-defense because I was fearing for my life." Seals claimed Moore returned with a crossbow, but "he stopped at the door because it wasn't functioning right." Seals testified that he did not have his gun at the time of the incident with Moore, and he stated that the officer who arrived at the scene did not find one

---

[2] Moore lives in his parents' home.

[3] Seals received several complaints from his neighbors, and he was issued a citation for unsightly conditions on his property. He testified that he was moving the inoperable vehicles at the direction of the City of Pearl. He claims that even though the vehicles do not belong to him and are on the Moore property, the city is holding him responsible.

after searching his person.

¶4. According to the incident report prepared by Sergeant John Williams of the Pearl Police Department, Sergeant Williams arrived at the scene after the incident occurred and talked to Moore and Seals about their altercation. Sergeant Williams advised both individuals that they would have to go to the police department to press charges before an arrest could be made. That same day, Moore pressed charges against Seals for simple assault. In an affidavit, Moore alleged that Seals purposely, knowingly, and unlawfully caused him bodily injury by striking him and pulling a gun on him.

¶5. Following Seals's conviction of simple assault in municipal court, he appealed to the county court. During the de novo bench trial, only Seals and Moore testified about the incidents that led to Seals's simple assault conviction. After the trial, Seals was again convicted of simple assault, and the court sentenced him to 6 months in the Rankin County Jail with 6 months suspended. Seals then appealed to the circuit court. After reviewing the county court transcript, the circuit court affirmed the county court's decision. Aggrieved, Seals now appeals.

## DISCUSSION

### I. Sufficiency of the Evidence

¶6. On appeal, Seals first challenges the sufficiency of the evidence for his simple assault conviction. "The standard of review for determining whether the evidence is legally sufficient to sustain a conviction in a case tried without a jury is the same as the standard of review of a denial of a motion for a judgment notwithstanding the verdict." *Palmer v. State*,

270 So. 3d 1008, 1011 (¶8) (Miss Ct. App. 2018) (quoting *Bratcher v. State*, 193 So. 3d 639, 640 (¶5) (Miss. Ct. App. 2015)). This Court may reverse on this ground "only where the evidence supporting one or more of the elements of the offense charged is so lacking that the fact-finder could only have found the defendant not guilty." *Rogowski v. State*, 145 So. 3d 1232, 1235 (¶4) (Miss. Ct. App. 2014) (citing *Robinson v. State*, 794 So. 2d 293, 296 (¶12) (Miss. Ct. App. 2001)). To support a simple assault conviction, the State must prove that Seals (1) purposely, knowingly, or recklessly caused bodily injury to Moore; or (2) negligently caused bodily injury to Moore with a deadly weapon or other means likely to produce death or serious bodily harm; or (3) attempted by physical menace to put Moore in fear of imminent serious bodily harm. Miss. Code Ann. § 97-3-7(1)(a) (Rev. 2020). Seals does not dispute the fact that he struck Moore. The only conflicting testimony is in regard to who was the initial aggressor and whether Seals had a gun.

¶7.     Our Supreme Court has found that when there is conflicting testimony in a bench trial, the trial judge has the sole authority to determine the credibility of witnesses and evaluate their testimony. *Univ. of Miss. Med. Ctr. v. Pounders*, 970 So. 2d 141, 146 (¶20) (Miss. 2007); *see Holman v. State*, 146 So. 3d 1027, 1029 (¶8) (Miss. Ct. App. 2014); *see also Johns v. State*, 926 So. 2d 188, 194 (¶29) (Miss. 2006). Seals claimed that Moore was approaching him in a threatening manner, and he (Seals) reacted in self-defense. Moore testified that when Seals punched him in the face, he (Moore) was only trying to get in between his mother and Seals. Additionally, Moore's affidavit presented to the trial court provided that "Seals did purposely, knowingly, and unlawfully cause bodily injury to

4

Reginal[d] Earl Moore . . . by striking him. . . ."

¶8.     Seals and Moore both testified that Seals struck Moore in the face, and Moore testified that the strike to his face caused his jaw to be sore. Therefore, there was sufficient evidence for a simple assault conviction.

## II.     Weight of the Evidence

¶9.     Seals next argues that the weight of the evidence failed to support a simple assault conviction. "When reviewing a challenge to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Briggs v. State*, 337 So. 3d 716, 721 (¶27) (Miss. Ct. App. 2022) (quoting *Baughman v. State*, 294 So. 3d 108, 114 (¶24) (Miss. Ct. App. 2020)). As with Seals's sufficiency argument, he contends that his testimony at trial established that he acted in self-defense. Seals specifically argues that there is overwhelming evidence that he did not commit simple assault on Moore, and Seals contends it would be an unconscionable injustice to allow the guilty verdict to stand.

¶10.     "When reviewing the findings of a county-court judge sitting in a bench trial without a jury, we will reverse only if his or her findings are manifestly in error or clearly wrong." *Matthews v. City of Madison*, 143 So. 3d 571, 573 (¶4) (Miss. 2014) (citing *Pride Oil Co., Inc. v. Tommy Brooks Oil Co.*, 761 So. 2d 187, 193 (Miss. 2000)). "The trial judge has sole authority to determine the credibility of a witness when sitting as the trier of fact in a bench trial." *Pride Oil Co.*, 761 So. 2d at 193 (¶18). We will affirm a trial judge sitting without a jury on a question of fact unless substantial evidence shows the trial judge was manifestly

wrong. *Id*. While ruling on the case before us, the county court judge stated, "[I]t's a he-said-he-said type of situation, although I do find Mr. Moore's testimony to be more credible than Mr. Seals. . . ." As mentioned above, it was an undisputed fact that Seals struck Moore in the jaw. When viewing the evidence in a light most favorable to the verdict, we do not find that allowing the guilty verdict to stand would sanction an unconscionable injustice. *See Matthews v. City of Madison*, 143 So. 3d 579, 584 (¶16) (Miss. Ct. App. 2013), *aff'd*, 143 So. 3d 571 (Miss. 2014). Accordingly, we find the trial court made no reversible error in finding Seals guilty of simple assault.

## CONCLUSION

¶11.    For the foregoing reasons, we affirm Seals's simple assault conviction and sentence.

¶12.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY AND LASSITTER ST. PÉ, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**

6